UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES U. PAYNE,  	Civil Action No.: 18-10814
	Honorable Linda V. Parker
          Plaintiff	Magistrate Judge Elizabeth A. Stafford

v.

JUSTIN R. SAWYER,

          Defendant.

_____/

**REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [ECF NO. 10]**

Plaintiff James Payne, proceeding *pro se*, filed a complaint alleging that Deputy Justin Sawyer of the Jackson County Sheriff's Office violated his rights under the Fourth and Fourteenth Amendments. [ECF No. 1]. Although it does not reference 42 U.S.C. § 1983, Payne's complaint is in substance brought under that statute. *See Americans United for Separation of Church & State v. Sch. Dist. of City of Grand Rapids*, 835 F.2d 627, 631 (6th Cir. 1987) (§ 1983 applied to action alleging that defendant violated the Fourteenth Amendment even though complaint did not refer to statute).

On April 27, 2018, Payne filed a "letter" with the court that, in part, sought a default judgment against Sawyer. [ECF No. 10]. This Court

issued Payne an order to show cause why his request for default judgment should not be denied due to his failure to present proof that Sawyer had been served with the summons. [ECF No. 22]. Payne responded to the order to show cause by insisting that Sawyer was served with the summons on March 30, 2018 and did not answer until April 30, 2018—more than 21 days after being served. [ECF No. 23]. Payne also asserts that his failure to file a proof of service is the fault of court personnel. [*Id.*].

Regardless of who is to blame, Payne's motion for default judgment is without merit because the usual procedural rules for answering complaints do not apply in § 1983 actions. *Jones v. Bock*, 549 U.S. 199, 200 (2007). Under 42 U.S.C. § 1997e(g)(1), a defendant may waive the right to reply to an action brought by a prisoner under § 1983, and such waiver does not constitute an admission of the allegations pleaded in the complaint. A court may require a defendant to answer the complaint after finding that the plaintiff has a reasonable opportunity to prevail on the merits, but "[n]o relief shall be granted to the plaintiff unless a reply has been filed." § 1997e(g)(1) and (g)(2). This Court never ordered Sawyer to answer Payne's complaint, so Sawyer had no obligation to file an answer, and a default judgment in Payne's favor cannot be granted. *See Robinson v. Tansel*, No. 2:16-CV-10135, 2017 WL 1963904, at *3 (E.D. Mich. Apr.

26, 2017), *adopted,* 2017 WL 1954533 (E.D. Mich. May 11, 2017) (collecting cases).

The Court thus **RECOMMENDS** that Payne's motion for default judgment **[ECF No. 10]** be **DENIED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: August 28, 2018

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 28, 2018.

                                s/Marlena Williams
                                MARLENA WILLIAMS
                                Case Manager