UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES U. PAYNE,

                Plaintiff,        Civil Action No.: 18-10814
                                     Honorable Linda V. Parker
v.                             Magistrate Judge Elizabeth A. Stafford

JUSTIN R. SAWYER,

                Defendant.

_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENY PLAINTIFF'S MOTION FOR LEAVE TO
<u>AMEND HIS COMPLAINT [ECF NOS. 27, 46]</u>**

## I. Introduction

Plaintiff James U. Payne, proceeding *pro se*, sues Defendant Justin
R. Sawyer, a Jackson County deputy sheriff, under 42 U.S.C. § 1983,
alleging Sawyer violated his Fourth and Fourteenth Amendment rights by
initiating a traffic stop without probable cause. [ECF No. 1]. In October
2018, the Court granted Sawyer's motion to stay proceedings pending
Payne's criminal case in state court. [ECF No. 36; *see also* ECF No. 25].
In September 2019, after Payne's criminal case ended, Sawyer moved for
the stay to be lifted. [ECF No. 40]. Payne filed no response to the motion
despite the Court's order to do so, and the stay was lifted in December

2019.  [ECF No. 42; ECF No. 43].

Sawyer now moves to dismiss or for summary judgment, and Payne has responded.  [ECF No. 46; ECF No. 51].  The Honorable Linda V. Parker referred the matter to the undersigned for all pretrial proceedings under 28 U.S.C. § 636(b).  [ECF No. 44].  The Court recommends that Sawyer's motion be granted, that Payne's complaint be dismissed with prejudice, and that his motion to amend his complaint be denied.

## II. Background

In June 2017, Payne was arrested after a traffic stop and prosecuted for the possession of methamphetamine.  [*See* ECF No. 46-1].[1]  Sawyer stopped Payne for "disregard[ing] a yellow light."  [ECF No. 46-1, PageID.213].  A civilian who was riding along with Sawyer noticed that, after the stop was initiated, Payne "threw a substance out of the passenger's side of the car."  [ECF No. 46-1, PageID.210].  The substance that Payne discarded was located, and a field-test showed that it was methamphetamine.  [ECF No. 46-1, PageID.215-216].

After Payne was arrested, a Michigan district judge found that there was probable cause that Payne possessed methamphetamine and bound

---

[1] *People of the State of Mich. v. James Uleqke Payne*, File No. 2017-5043-FH (4th Jud. Cir. Ct., Jackson Cnty., Mich.).

him over to the circuit court.  [ECF No. 46-1*, PageID.217].  Payne moved

the circuit court to suppress the evidence from the traffic stop, arguing that

Sawyer had no probable cause to stop him because he committed no traffic

violation.  [ECF No. 46-3].  The court disagreed, finding that there had been

"a violation that at least allowed the law enforcement officer to make a

stop," so the motion to suppress was denied.  [*Id.*, PageID.238].

Payne later pleaded guilty to possession of a substance containing

methamphetamine as a second habitual offender, in violation of M.C.L.

§ 333.7403(2).  [ECF No. 46-2, PageID.227-228].[2]

## III. ANALYSIS

### A.

Sawyer argues that Payne's complaint should be dismissed because

it does not comply with basic pleading standards, because his claims are

barred collateral estoppel and the *Heck v. Humphrey* doctrine, and

because Payne has failed to plead or show a viable claim against Sawyer

in his official capacity.  [ECF No. 46].  Sawyer moves for either dismissal or

summary judgment, but "[b]ecause the Court has reviewed and considered

materials outside the pleadings in resolving [Sawyer's motion, he] will be

---

[2] Payne's second habitual offender status is based on an earlier
misdemeanor conviction for attempted resisting and obstructing.  [ECF No.
46-2, PageID.223].

3

treated as seeking summary judgment under Rule 56." *Kawecki ex rel. Marlowe v. Cty. of Macomb*, No. 04-70907, 2008 WL 205241, at \*9 (E.D. Mich. Jan. 24, 2008).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not [ ] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must identify portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id.* at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

In response to Sawyer's motion, Payne attempts to relitigate the issue of whether Sawyer had probable cause for the traffic stop. [ECF No.

4

51].[3]  But this claim is barred by the doctrines of collateral estoppel (also known as "issue preclusion") and *Heck v. Humphrey,* so Sawyer's motion for summary judgment should be granted.

**B.**

Under the Full Faith and Credit Act, federal courts must give "full faith and credit" to state court proceedings.  28 U.S.C. § 1738.  That means that this Court must give the preclusive effect of Payne's criminal proceedings required by Michigan law.  *Allen v. McCurry*, 449 U.S. 90, 96 (1980).  This rule applies to a § 1983 claim that arises from a state arrest and prosecution.  *Id.* at 402.  ("[C]ollateral estoppel applies when § 1983 plaintiffs attempt to relitigate in federal court issues decided against them in state criminal proceedings.").

In *Donovan v. Thames*, the plaintiff filed a § 1983 complaint alleging that a Kentucky officer arrested him without probable cause.  105 F.3d 291, 297.  The court found that the plaintiff was precluded from bringing that

---

[3] Some arguments in Payne's response relate to claims that were not included in his complaint.  He alleges that he was denied fair access to the court, equal protection of the law and due process.  [ECF No. 51, PageID.275-276].  These claims were not made in Payne's complaint, [ECF No. 1], and he may not amend his complaint through a response brief.  *Jocham v. Tuscola County*, 239 F.Supp.2d 714, 732 (E.D. Mich. 2003).  The Court notes that Payne has moved for leave to amend his complaint, [ECF No. 27], but for the reasons stated below, the motion should be denied as futile.

claim because he was given "a full and fair opportunity to litigate the validity of his arrest" during a suppression hearing.  *Id.* at 298.  "[U]nder *Allen* and the Kentucky law of issue preclusion, Donovan is precluded from relitigating the issue of the validity of his arrest because the state court already determined that the officers had probable cause to arrest Donovan and that the arrest was valid."  *Id.*

Under Michigan law, issue preclusion applies when "(1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full and fair opportunity to litigate the issue; and (3) there must be mutuality of estoppel."  *Kawecki*, 2008 WL 205241 at * 13 (citation and quotation marks omitted).  But the requirement of mutuality does not apply when "issue preclusion is being asserted defensively against a party who has already had a full and fair opportunity to litigate the issue."  *Id.* (citation and quotation marks omitted).  Here, Sawyer is asserting issue preclusion defensively against Payne.  So the questions are whether the issue of probable cause to stop Payne has been actually litigated and determined by a valid final judgment, and whether Payne and a full and fair opportunity to litigate that issue.

As noted, Payne moved the circuit court to suppress the evidence

from the traffic stop, arguing that Sawyer had no probable cause to stop him because he committed no traffic violation.  [ECF No. 46-3].  Sawyer was accorded a full evidentiary hearing, at the end of which the court denied the motion to suppress.  [*Id.*, PageID.238].  Under *Allen* and the Michigan law of issue preclusion, Sawyer "is precluded from relitigating the issue of the validity of his arrest because the state court already determined that the officers had probable cause to arrest [Sawyer] and that the arrest was valid."  *Donovan,* 105 F.3d at 298.

Payne's claim that Sawyer lacked probable cause to arrest him is also precluded by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Under *Heck*, a § 1983 suit for damages that would render a conviction invalid requires proof that the conviction has been reversed, expunged or declared invalid.  *Id.*  Relevant here, once a plaintiff suing under § 1983 for false arrest has been convicted for a charge related to the arrest, the false arrest claim must be dismissed. *Wallace v. Kato*, 549 U.S. 384, 393 (2007).  The plaintiff's false arrest claim is barred under *Heck* unless the conviction has been overturned.  *Id.*  Payne pleaded guilty to the drug charge related to his arrest, and that conviction has not been overturned.  As such, his false arrest claim is barred by *Heck*.

**C.**

Before the Court stayed this action, Payne moved for leave to amend his complaint.  [ECF No. 27].  Sawyer opposed the motion, arguing that he would be prejudiced if leave to amend were granted.  [ECF No. 33].

Under Federal Rule of Civil Procedure 15(a), Payne must secure either Sawyer's consent or leave of the Court to amend his complaint, because the motion to amend was well after the time period allowed for an amendment as a matter of course.  Leave to amend should be freely given when justice so requires.  Rule 15(a)(2).  But the Court should deny leave to amend a complaint "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."  *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Payne's proposed amended complaint reiterates his claim that Sawyer stopped him without probable cause and adds allegations that state court judges were biased and racist, and allowed perjured testimony; that his court appointed attorney "[was] also working against [him]"; that the

jail did not deliver his mail; and that the prosecutor failed to dismiss the charges despite the alleged perjury.  [ECF No. 27].  These added allegations do not relate to Sawyer, the only defendant in this case.  In the proposed amended complaint, Payne's claim against Sawyer continues to be that Sawyer stopped him without probable cause.  For the reasons already stated, that claim is barred by collateral estoppel and the *Heck* doctrine.  Payne's proposed amended complaint is futile, so his motion for leave to amend his complaint should be denied.  *Crawford*, 53 F.3d at 753.

## IV. CONCLUSION

Sawyer's motion for summary judgment **[ECF No. 46]** should be **GRANTED**, and Payne's motion for leave to amend his complaint **[ECF No. 27]** should be **DENIED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
Dated: March 2, 2020                                                   United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any

further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 2, 2020.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager