UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES U. PAYNE,

               Plaintiff,          Case No. 18-cv-10814
                                         Hon. Linda V. Parker

v.

JUSTIN R. SAWYER,

               Defendant.
_____/

## OPINION AND ORDER (1) REJECTING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION [ECF NO. 56]; (2) ADOPTING REPORT AND RECOMMENDATION [ECF NO. 55]; (3) GRANTING DEFENDANT'S MOTION TO DISMISS AND ALTERNATIVELY FOR SUMMARY JUDGMENT [ECF NO. 46]; & (4) DENYING MOTION TO AMEND COMPLAINT [ECF NO. 27]

On March 8, 2018, Plaintiff James U. Payne, proceeding *pro se*, filed this lawsuit under 42 U.S.C. § 1983 against Defendant Jackson County Deputy Sheriff Justin R. Sawyer, alleging violations of his Fourth and Fourteenth Amendments rights when Defendant initiated a traffic stop without probable cause.  (ECF No. 1.) Plaintiff subsequently moved to amend the Complaint and Defendant moved to dismiss the case against him or, in the alternative, for summary judgment.  (ECF Nos. 27, 46.)  This Court referred the matter to Magistrate Judge Elizabeth A. Stafford for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. §636(b)(1)(A) and/or a report and

1

recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 4.)  On March 2, 2020, Magistrate Judge Stafford issued a R&R recommending that this Court grant Defendant's Motion to Dismiss and Alternatively for Summary Judgment and deny Plaintiff's Motion to Amend Complaint.  (ECF No. 55.)

As to Defendant's motion, Magistrate Judge Stafford treated it as one for summary judgment because materials outside of the pleadings were reviewed and considered in resolving it.  (*Id.* at Pg. ID 346-47 (citing *Kawecki ex rel. Marlowe v. Cty. of Macomb*, No. 04-70907, 2008 WL 205241, at *9 (E.D. Mich. Jan. 24, 2008)).)  Magistrate Judge Stafford concluded that the motion should be granted for two reasons.  First, Plaintiff previously moved the state court to suppress the evidence from the traffic stop, arguing that he had not committed a traffic violation and thus Defendant had no probable cause to stop him.  (*See id.* at Pg. ID 349-50 (citing ECF No. 46-3).)  Magistrate Judge Stafford held that "[Plaintiff's] attempt[] to relitigate the issue of whether [Defendant] had probable cause for the traffic stop" "is barred by the doctrine[] of collateral estoppel (also known as 'issue preclusion')" because the state court already determined that Defendant had probable cause and denied the motion to suppress.  (*Id.* at Pg. ID 350.)  Second, Magistrate Judge Stafford concluded that Plaintiff's claim that Defendant lacked probable cause to arrest him is precluded under *Heck v. Humphrey* because Plaintiff

2

pleaded guilty to the drug charge related to the arrest and the attendant conviction has not been overturned.  (*Id.*)[1]

Regarding Plaintiff's motion, Magistrate Judge Stafford found that the majority of the proposed amendments do not relate to Defendant.  (*Id.* at Pg. ID 352.)  Magistrate Judge Stafford further found that the sole proposed amendment related to Defendant "continues to be that [Defendant] stopped him without probable cause" and found that, "[f]or the reasons already stated, that claim is barred."  (*Id.*)

At the conclusion of the R&R, Magistrate Judge Stafford informs the parties that they must file any objections to the R&R within 14 days.  (*Id.*) Plaintiff filed objections to the R&R on March 16, 2020.  (ECF No. 56.)

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the magistrate judge's R&R to which a party has filed "specific objection[s]" in a timely manner.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  A general objection, or one that does nothing more than disagree with a magistrate judge's determination or summarize

---

[1] "Under [*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)], a § 1983 suit for damages that would render a conviction invalid requires proof that the conviction has been reversed, expunged or declared invalid.  *Id*.  Relevant here, once a plaintiff suing under § 1983 for false arrest has been convicted for a charge related to the arrest, the false arrest claim must be dismissed.  *Wallace v. Kato*, 549 U.S. 384, 393 (2007).  The plaintiff's false arrest claim is barred under *Heck* unless the conviction has been overturned.  *Id*."  (ECF No. 55 at Pg. ID 350.)

what has been presented before, is not considered a valid objection.  *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991).

Plaintiff's objections to the R&R fall into two buckets:  his defense lawyer failed to raise several issues before the state court and the traffic stop was made without probable cause.  (ECF No. 56.)  Defendant responded to Plaintiff's objections, arguing that they are improper attempts to re-argue issues that Magistrate Judge Stafford already decided.  (ECF No. 57 at Pg. ID 362.)

The Court agrees with Defendant.  Plaintiff merely reargues the points raised in response to Defendant's motion, without highlighting errors and without challenging the analysis detailed in the R&R in any meaningful way.  The Court concludes that Magistrate Judge Stafford accurately analyzed the merits of Plaintiff's claims.  Thus, the Court rejects Plaintiff's objections to the R&R and adopts Magistrate Judge Stafford's recommendations.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss and Alternatively for Summary Judgment (ECF No. 46) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint (ECF No. 27) is **DENIED**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: September 28, 2020

4

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 28, 2020, by electronic and/or U.S. First Class mail.

s/ R. Loury_____
Case Manager